IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ, in and for
the Estate of Edmundo B. Diaz,

          Plaintiff,
  vs.                                          CIVIL NO.  12-308 LFG/WDS

NANCY EVELYN BARELA et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO DISQUALIFY MAGISTRATE JUDGE

THIS MATTER is before the Court on Plaintiff Carlos L. Diaz's ("Diaz") "Motion [sic] Disqualification of Magistrate Judge Lorenzo Garcia Pursuant to 28 U.S.C. § 455," filed May 7, 2012 [Doc. 20]. As a motion to disqualify is directed to the sound discretion of the judge sought to be disqualified, no response is necessary.

### Introduction

There are two statutory provisions relating to the disqualification of a judge. The first is found at 28 U.S.C. § 144, which provides a procedure to remove a judge for bias or prejudice. The second is located at 28 U.S.C. § 455, which provides for disqualification of a judge if her/his "impartiality might reasonably be questioned," or if she/he has a personal bias or prejudice concerning a party. Plaintiff Carlos L. Diaz, in and for the Estate of Edmundo B. Diaz ("Plaintiff" or "Diaz"), seeks recusal solely under 28 U.S.C. § 455. However, the Court addresses both statutes in determining that Diaz's motion must be denied.

Neither statute commands automatic disqualification of a judge. On the contrary, the decision to recuse is committed to the sound discretion of the judge. Hinman v. Rogers, 831 F.2d

937, 938 (10th Cir. 1987).

> There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." Hinman, 831 F.2d at 939. The statute is not intended to give litigants veto power over sitting judges. Nichols v. Alley, 71 F. 3d 347, 351 (10th Cir. 1955).

Green v. York, 2006 WL 1488851, * 3 (D. Colo. May 25, 2006) (unpublished).

## Analysis

### I. Disqualification under 28 U.S.C. § 455

Under 28 U.S.C. § 455, a justice, judge or magistrate judge must disqualify himself/herself in various enumerated circumstances set forth in the statute.[1] Section 455 also requires a justice, judge or magistrate judge to disqualify himself/herself in any proceeding in which his/her impartiality might reasonably be questioned. 28 U.S.C. § 455(a).

Here, none of the enumerated circumstances exist to support disqualification of the undersigned Magistrate Judge. In this case, the gravamen of Diaz's complaint [Doc. 20, at 2, ¶ 6] is that the Court ordered him [Doc. 5] to have a licensed attorney appear on his behalf to prosecute the case, or show cause why it should not be dismissed without prejudice. It is this Order that offends Diaz. Yet, it is clear that a judge's ruling cannot serve as the basis for a "bias or prejudice" claim, as such a claim must have an extra judicial basis. United States v. Nickl, 427 F.3d 1286, 1298 (10th Cir. 2005) ("[W]hen a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias."). *See also* In re Am. Ready Mix, Inc., 14 F.3d 1497, 1501 (10th Cir. 1994) (citations omitted) ("[a]dverse rulings alone are insufficient grounds for disqualification, as is evidence that the judge criticized or was

---

[1] The litany of circumstances include financial interest in the litigation; a relationship by affinity or consanguinity with a party; and service as an attorney for one of the parties in the matter before the court.

angry with a party."); Liteky v. United States, 510 U.S. 540, 555 ("[J]udicial rulings alone almost never constitute a valid basis for ... bias...."); Estate of Bishop v. Equinox Intern. Corp., 256 F.3d 1050, 1058 (10th Cir. 2001) ("[f]actors that do not merit disqualification [of a judge] include: ... prior rulings that were adverse to the moving party ... solely because they were adverse[.]").

In this matter, Diaz's Complaint indicates that he seeks to prosecute this lawsuit as a personal representative of an estate. However, nowhere in the Complaint does Diaz contend that he was appointed as personal representative of the estate by any court of competent jurisdiction to act on behalf an estate. In the absence of an Order appointing Dias as personal representative, he has no authority to act on behalf of the Estate. *See, e.g.,* § 45-3-701, *et. seq.* NMSA 1978 (setting out duties and authority of personal representative); Graca v. Rosebank Maritime, Inc., 2004 WL 5822388, *3 (S.D. Fla. July 23, 2007) (unpublished) (noting that the plaintiff presented not a scintilla of evidence that would assure the court that the plaintiff had authority to act on behalf of the decedent's estate, or that he would be appointed as personal representative of the estate), *aff'd*, 133 F. App'x 740 (11th Cir. 2005). Diaz is not an attorney, and while he may represent his own interests in civil litigation in a federal court, he may not represent the interests of the estate or of any other person. Watson v. Global Energy Tech., Inc., 2011 WL 1427970, *1 (D. Utah Apr. 13, 2011) (unpublished).

Thus, the Court's Order [Doc. 5], to which Diaz objects, merely states what is true, *i.e.,* that Diaz, who is not authorized with authority to act on behalf of the estate, must obtain counsel or be appointed by personal representative by a court of competent representation. The Order is not evidence of bias or prejudice, nor could the ruling serve as a basis for a bias or prejudice claim.

Diaz further contends that the Court's Order is evidence against him and in favor of Defendants. [Doc. 20, at 2, ¶ 1.] More specifically, Diaz argues that the Court's Order directing him to obtain counsel was served only on Diaz and should have been sent to Defendants' attorneys.

3

While generally true, at the time the Order was entered on April 12, 2012, Defendants had not yet entered an appearance or filed answers in this case. Thus, as of April 12, 2012, it was not possible to send the Order to Defendants' attorneys as Defendants did not file answers until May 1, 2012. The Court's Order, once filed, is accessible to all parties as well as non-parties who access the court's docket. The Order is not evidence of favoritism, bias, or prejudice.

Next, Diaz makes unfounded and inaccurate accusations about the undersigned Magistrate Judge's alleged *ex parte* communications with defense counsel, Attorney Barela. [Doc. 30, at 2-3, ¶¶ 1- 2.] Diaz states:

> By the actions taken by Magistrate [Judge] Lorenzo Garcia,[2] in attempting to protect Attorney Elias Barela and said attorney's Clients, in this Civil action, already it's starting out to be – "**A One-Sided Litigation".** . . . It was made obvious that Respondent Attorney Barela and Magistrate [Judge] Garcia were and still are in communication with respect to the fore-going [sic] matter, and any other matters, in an Ex-parte Communication with an attorney not of record, by the responses for Respondents, from said attorney on May 1, 2012, where it's noted clearly the amended changes, supposedly knowledgeable only to, Petitioner and Magistrate Garcia.

Diaz's assertions are, to some extent, incomprehensible and nonsensical. But, the Court clarifies that it had no *ex parte* communications with any party, Plaintiff or Defendants, in this case. Diaz's supposition that the pleadings on file, or the contents of his amended pleadings, were not accessible by other parties, or even non-parties, is inaccurate. Moreover, there is no evidence that the Court was "attempting to protect" defense counsel.

Therefore, the provisions of § 455(a), which require a judge to disqualify himself/herself in a proceeding in which the judge's impartiality may reasonably be questioned, offer no basis for

---

[2]The only actions that Diaz alleges Magistrate Judge Garcia to have taken, at this point, was entry of the April 12, 2012 Order and the Court's failure to serve Defendants with that Order. But, as explained above, the Order was entered before Defendants answered the Complaint.

relief to Diaz. No objectively reasonable individual would find that the undersigned Magistrate Judge's impartiality could reasonably be questioned based only on the Court's Order directing Diaz to obtained competent counsel. Thus, the Court denies Diaz's request for disqualification under 28 U.S.C. § 455.

## II. Disqualification under 28 U.S.C. § 144

Diaz does not rely on 28 U.S.C. § 144 as grounds for disqualifying the undersigned Magistrate Judge. [Doc. 30.] However, in an abundance of caution, the Court addresses the requirements of § 144, and again concludes that disqualification is not warranted.

Title 28 U.S.C. § 144 requires the party seeking to disqualify a judge to timely file a sufficient affidavit demonstrating that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of the adverse party. The affidavit must state facts and reasons for the belief that bias or prejudice exists, and is to be filed not less than ten days before the beginning of the term at which the proceeding is to be heard. A party may file only one affidavit. 28 U.S.C. § 144.

When an affidavit to disqualify is filed under 28 U.S.C. § 144, the judge sought to be disqualified must first pass on its sufficiency, compliance with the statute, and timeliness of the filing. Hall v. Burkette, 391 F. Supp. 237, 240 (W.D. Okla. 1975). Here, Diaz did not file an affidavit as required by § 144. Indeed, he filed only a motion without the benefit of an oath or affirmation under penalty of perjury. This is improper. For this reason alone, a request to disqualify under § 144 fails.

Even if Diaz had filed an affidavit, the simple act of providing an affidavit would not serve to automatically disqualify a judge. United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976).

> Affidavits of disqualification must allege personal rather than judicial bias. United States v. Thompson, 483 F.2d 527 (3rd Cir. 1973). They must contain more than mere conclusions. They must show facts indicating the existence of a judge's personal bias and prejudice. Knoll v. Socony Mobil Oil Co., 369 F.2d 425 (10th Cir. 1966), *cert. denied*, 386 U.S. 977 (1967); Inland Freight Lines v. United States, 202 F.2d 169 (10th Cir. 1953). Motions alleging bias and prejudice on the part of a judge which establish simply that the affiant does not like a particular judge are not adequate to require disqualification. United States v. Goeltz, 513 F.2d 193 (10th Cir. 1975), *cert. denied*, 423 U.S. 830 (1975).

Id. In this case, Diaz's hearsay assertions are unsupported conclusory statements lacking any detail or factual predicate. Specifically, he contends that Elias Barela, a party in parallel litigation CIV 12-368 SMV/RHS, had a conversation with Diaz in which Barela purportedly said that "I called the United States District Judge and spoke with a District Judge and explained to the judge of this lawsuit and its unfairness." [Doc. 30, at 2, ¶ 5.]

Daiz does not identify the district judge with whom attorney Barela allegedly spoke, nor does he specify when this purported conversation occurred, who was present, and whether there is any witness who corroborates the alleged conversation. All that the motion recites is a hearsay statement purportedly made by Barela.

As an aside, the undersigned Magistrate Judge does not know to whom, if anyone, attorney Elias Barela spoke. He did not speak to the undersigned Magistrate Judge, nor has the undersigned Magistrate Judge received any kind of communication, written, electronic, oral or otherwise, from Mr. Barela concerning this or any related litigation involving Diaz.

The Court determines that Diaz failed to comply with the requirements of 28 U.S.C. § 144, and failed to demonstrate any factual basis to show extra judicial bias. Therefore, Diaz's request for disqualification under either 28 U.S.C. § 455 or § 144 is DENIED.

IT IS SO ORDERED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge